**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOYER GREAR and JOCELYN HARRIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COMCAST CORPORATION, a Pennsylvania Corporation,<br><br>    Defendant.<br>_____/ | No. C 14-05333 JSW<br><br>**ORDER GRANTING COMCAST CORPORATION'S MOTION TO COMPEL ARBITRATION AND STAYING ACTION** |

Now before the Court for consideration is the motion to compel arbitration filed by Defendant Comcast Corporation ("Comcast"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for March 13, 2015, GRANTS Comcast's motion, and STAYS this action pending completion of arbitration.

**BACKGROUND**

On December 14, 2014, Plaintiffs, Toyer Grear ("Grear") and Jocelyn Harris ("Harris") (collectively "Plaintiffs"), filed this putative class action against Comcast. Plaintiffs assert claims for: (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. section 1030; (2) violations of the Comprehensive Computer Data Access and Fraud Act, California Penal Code section 502; and (3) violations of California's Unfair Competition Law, California Business and

1 Professions Code sections 17200, *et seq.*

2   Plaintiffs are Comcast customers who "access the Internet in their household via the
3 wireless router leased from Comcast as part of its Xfinity Wi-Fi Service." (Compl. ¶ 10; *see*
4 *also id.* ¶¶ 42-46.) Harris signed the contract with Comcast. Although Grear did not sign the
5 contract, she pays the household utility bills, including the Comcast bill. (*Id.*) According to
6 Plaintiffs, Comcast has begun to lease wireless routers to its customers, including Plaintiffs, that
7 are equipped to provide its customers with a Wi-Fi signal for their homes. These new routers
8 also include an additional signal that can be accessed by the public. (*See, e.g.,* Compl., ¶¶ 2,
9 15.) Each of Plaintiffs' claims for relief are premised on the theory that Comcast did not obtain
10 their authorization to use their wireless router to broadcast these additional "hotspots" to the
11 public. (*Id.* ¶¶ 16, 28-41, 43.)

12   It is undisputed that the contract with Comcast includes a residential services agreement
13 (the "RSA"), which contains an arbitration provision (the "Arbitration Provision"). (Compl. ¶
14 31, Ex. A (RSA § 13).) Although Comcast permits its customers to opt-out of the Arbitration
15 Provision, it is undisputed that Plaintiffs have not opted out. (*See, e.g.,* Declaration of Mary
16 Kane, ¶ 7.)

17   The terms of the RSA provide that the customer or Comcast "may elect to arbitrate [a]
18 Dispute in accordance with the terms of this Arbitration Provision rather than litigate the
19 Dispute in court." (*Id.* § 13.a.) The term "dispute" means

> any dispute, claim or controversy between you and Comcast regarding any aspect of your relationship with Comcast, whether based in contract, statute, regulation, ordinance, tort . . . or any other legal or equitable theory, and includes the validity, enforceability or scope of this Arbitration Provision. "Dispute" is to be given the broadest possible meaning that will be enforced.

(*Id.* § 13.b.)

  The Arbitration Provision also contains a section entitled "Exclusions from Arbitration."
(RSA, § 13.j (hereinafter "Section 13.j"). Section 13.j provides that "YOU AND COMCAST
AGREE THAT THE FOLLOWING WILL NOT BE SUBJECT TO ARBITRATION . . . (3)

United States District Court
For the Northern District of California

ANY DISPUTE RELATED TO OR ARISING FROM ALLEGATIONS ASSOCIATED WITH UNAUTHORIZED USE OR RECEIPT OF SERVICE." (*Id.* (emphasis in original).)

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

Pursuant to the Federal Arbitration Act ("FAA"), arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA represents the "liberal federal policy favoring arbitration agreements" and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Under the FAA, "once [the Court] is satisfied that an agreement for arbitration has been made and has not been honored," and the dispute falls within the scope of that agreement, the Court must order arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967).

Plaintiffs do not dispute that the Arbitration Provision is valid or that they would be bound by its terms. They oppose Comcast's motion on the basis that none of their claims fall within the scope of the Arbitration Provision. Rather, Plaintiffs argue that the plain language of Section 13.j demonstrates that each of their claims are excluded from arbitration, because the claims relate to unauthorized "use." Comcast argues that each of Plaintiffs' claims relate to disputes over unauthorized use of their equipment, not service, and it contends the RSA clearly distinguishes the term equipment from the term service. Thus, according to Comcast, Plaintiffs' claims fall within the scope of the Arbitration Provision and are not excluded by Section 13.j.

It is well established that courts generally decide "gateway" issues of arbitrability. However, because arbitration is a matter of contract, the "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center West., Inc. v. Jackson*, 561 U.S. 63, 69 (2010). In such instances, the parties must "clearly and unmistakably" delegate such issues to the arbitrator. *Id.*, 561 U.S. at 69 n.1. In this case, as set forth above, the Arbitration Provision provides that the term "Dispute" includes a dispute about "the scope of

3

this Arbitration Provision." The parties put forth competing interpretations of the Arbitration Provision, specifically Section 13.j, and, thus they dispute whether Plaintiffs' claims fall within its scope. Because the parties clearly and unmistakably delegated that issue to the arbitrator, the Court does not resolve that issue.

Accordingly, the Court GRANTS Comcast's motion to compel arbitration, and it HEREBY STAYS this action pending completion of arbitration. The parties shall file joint status reports every 120 days in which they advise the Court of the status of the arbitration proceedings and when they expect that the stay may be lifted or the case may be dismissed. The parties first joint status report shall be due 120 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: March 3, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4